IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-2351
_____


UNITED STATES OF AMERICA,
          Appellee


              v.


RICARDO MARRERO,
          Appellant

_____

Appeal from a judgment of conviction and sentence
entered in the United States District Court for the
Western District of Pennsylvania at Criminal No. 09-208.
_____


REPLY BRIEF FOR APPELLANT

_____


| | |
|---|---|
| 1500 Liberty Center | LISA B. FREELAND |
| 1001 Liberty Avenue | Federal Public Defender |
| Pittsburgh, PA  15222 | |
| (412) 644-6565 | KAREN SIRIANNI GERLACH |
| | Assistant Federal Public Defender |
| | Counsel of Record |
| | |
| | Attorneys for Appellant, |
| | Ricardo Marrero |

**TABLE OF CONTENTS**

Table of Authorities . . . . . . . . . . . . . . . . . . . . ii

Statement of the Issue . . . . . . . . . . . . . . . . . . . 1

Argument:

    THE PRIOR CONVICTIONS USED TO QUALIFY MR. MARRERO AS A CAREER OFFENDER WERE NOT CRIMES OF VIOLENCE. THEY INVOLVED RECKLESSNESS RATHER THAN PURPOSEFUL VIOLENT CONDUCT. MR. MARRERO SHOULD THEREFORE HAVE BEEN SENTENCED AS A NON-CAREER OFFENDER . . . . . . . . . . . . 2

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . 6

Certificate of Identical Text . . . . . . . . . . . . . . . 7

Certificate of Virus Check . . . . . . . . . . . . . . . . . 7

Certificate of Service . . . . . . . . . . . . . . . . . . . 8

**TABLE OF AUTHORITIES**

**CASES**:

Begay v. United States
 553 U.S. 137, 128 S.Ct. 1581 (2008) . . . . . . . . . . 2,3,4
Commonwealth v. Cottam
 616 A.2d 988 (Pa. Super. 1992) . . . . . . . . . . . . . . 3
Commonwealth v. Distefano
 782 A.2d 574 (Pa. Super. 2001) . . . . . . . . . . . . . . 3
Commonwealth v. Morley
 658 A.2d 1357 (Pa. Super. 1995) . . . . . . . . . . . . . 3
Commonwealth v. Scales
 648 A.2d 1205 (Pa. Super. 1994) . . . . . . . . . . . . . 3
Johnson v. United States
 130 S.Ct. 1265 (2010) . . . . . . . . . . . . . . . . . . 5
Stinson v. United States
 508 U.S. 36, 113 S.Ct. 1913 (1993) . . . . . . . . . . . . 4
United States v. Johnson
 587 F.3d 203 (3d Cir. 2009) . . . . . . . . . . . . . 3,4,5
United States v. Lee
 612 F.3d 170 (3d Cir. 2010) . . . . . . . . . . . . . . 3,4
United States v. Stinson
 592 F.3d 460 (3d Cir. 2010) . . . . . . . . . . . . . . . 5

**STATUTES**:

18 Pa. C.S.A. § 2502(c) . . . . . . . . . . . . . . . . . . . 2,3
18 Pa. C.S.A. § 2701(a)  . . . . . . . . . . . . . . . . . . . 5
18 Pa. C.S.A. § 2701(a)(1) . . . . . . . . . . . . . . . . . . 2

**MISCELLANEOUS**:

U.S.S.G. § 4B1.2 . . . . . . . . . . . . . . . . . . . . . . . 2
U.S.S.G. § 4B1.2(a)(1) . . . . . . . . . . . . . . . . . . . . 2
U.S.S.G. § 4B1.2(a)(2) . . . . . . . . . . . . . . . . . . . . 2

**STATEMENT OF THE ISSUE**

THE PRIOR CONVICTIONS USED TO QUALIFY MR. MARRERO AS A CAREER OFFENDER WERE NOT CRIMES OF VIOLENCE. THEY INVOLVED RECKLESSNESS RATHER THAN PURPOSEFUL VIOLENT CONDUCT. SHOULD MR. MARRERO HAVE THEREFORE BEEN SENTENCED AS A NON-CAREER OFFENDER?

**ARGUMENT**

THE PRIOR CONVICTIONS USED TO QUALIFY MR. MARRERO AS A CAREER OFFENDER WERE NOT CRIMES OF VIOLENCE. THEY INVOLVED RECKLESSNESS RATHER THAN PURPOSEFUL VIOLENT CONDUCT. MR. MARRERO SHOULD HAVE THEREFORE BEEN SENTENCED AS A NON-CAREER OFFENDER.

On appeal Mr. Marrero challenges his sentencing under the career offender guideline. He argues that his prior convictions for simple assault under 18 Pa. C.S.A. § 2701(a)(1) and third degree murder under 18 Pa. C.S.A. § 2502(c) do not constitute crimes of violence. Thus, because he does not have the two requisite crimes of violence, he is not a career offender, and should not have been sentenced as such.

Mr. Marrero's prior convictions for third-degree murder and simple assault must be evaluated to determine if they have "as an element the use, attempted use, or threatened use of physical force against the person of another" under U.S.S.G. § 4B1.2(a)(1) or the "force clause." If they do not fit this definition, then they must involve "purposeful, violent and aggressive" conduct such as the enumerated offenses under U.S.S.G. § 4B1.2(a)(2) or the "residual clause."

The evaluation of these offenses to determine if they fall under the force or residual clause, occurs under the categorical approach. This means that only the statutory elements of the offense of conviction are examined; there can be no consideration of the defendant's individual conduct. *Begay v. United States*, 553

U.S. 137, 128 S.Ct. 1581 (2008). A plea colloquy or charging document can be consulted only if necessary to show "the particular part of the statute of which the defendant was actually convicted." *United States v. Johnson*, 587 F.3d 203, 208 (3d Cir. 2009).

Nonetheless, the government focuses on the underlying facts of the two prior convictions, rather than the statutory elements. *See* Brief for the United States, pp. 8-9, 12. This tactic circumvents the categorical approach and snubs the relevant case law. The categorical approach applies, and the categorical approach allows consideration only of the statutory elements, and not of the underlying facts. *Begay, supra*.

Looking at the statutory elements of Mr. Marrero's third degree murder conviction under 18 Pa.C.S.A. § 2502(c) reveals that it requires malice. And malice is defined in terms of recklessness. *Commonwealth v. Scales,* 648 A.2d 1205, 1207 (Pa. Super. 1994); *Commonwealth v. Distefano*, 782 A.2d 574, 582 (Pa. Super. 2001); *Commonwealth v. Cottam*, 616 A.2d 988, 1004 (Pa. Super. 1992); and *Commonwealth v. Morley*, 658 A.2d 1357, 1365 (Pa. Super. 1995).

Following *Begay v. United States*, 553 U.S. 137, 128 S.Ct. 1581 (2008), a conviction for recklessness is not a crime of violence. *United States v. Lee*, 612 F.3d 170, 196 (3d Cir. 2010) and *United States v. Johnson*, 587 F.3d 203, 208 (3d Cir. 2009). Thus, application of the categorical approach disqualifies third degree

murder for sentence enhancement purposes under the career offender guidelines.

The government responds that under *Begay, supra, Lee, supra,* and *Johnson, supra*, it is crimes of "**mere** recklessness" which cannot qualify as crimes of violence. Third degree murder, the government argues, requires more than mere recklessness; it requires an "extremely high risk" of "death or serious bodily harm." Brief for the United States, pp. 20-22.

The government's reading of the case law is too limited. A careful reading reveals that it speaks generally of recklessness, and distinguishes crimes of "recklessness" from crimes of violence and aggression. It does not make any special distinction for mere recklessness. *See, Lee*, 612 F.3d at 196.

It is true, as the government notes, that murder is one of the specifically enumerated crimes in the commentary to U.S.S.G. § 4B1.2. Brief for the United States, pp. 25-27. But as Mr. Marrero noted in his brief (p. 36), guideline commentary is always subordinate to the guidelines themselves. *Stinson v. United States*, 508 U.S. 36, 113 S.Ct. 1913 (1993). And the listing of murder occurs in the commentary, rather than in the actual guideline.

As for Mr. Marrero's simple assault conviction, the Pennsylvania statute under which he was convicted, criminalizes **both** intentional and violent conduct, as well as reckless conduct.

4

Thus, as Mr. Marrero noted in his brief for appellant (p. 33), we must apply the modified categorical approach; this involves looking at the plea colloquy in order to determine the portion of the statute to which Mr. Marrero pled guilty. *United States v. Stinson,* 592 F.3d 460, 462 (3d Cir. 2010) and *United States v. Johnson*, 587 F.3d 203, 208 (3d Cir. 2009). Here, the plea colloquy does not indicate to which portion of the simple assault statute Mr. Marrero pled guilty. As a result, we must conclude that the conviction "rested upon...the least of these acts[.]" *Johnson v. United States*, 130 S.Ct. 1265, 1269 (2010).

In response, the government **admits** that the plea colloquy does "not specify the subsection of Section 2701(a) to which Marrero was pleading." Brief for the United States, p. 32. And, as Mr. Marrero stated above, when the statutory elements to which the defendant pled guilty cannot be determined, the least culpable offense applies. Here, the least culpable offense is reckless conduct, which cannot be a crime of violence.

In sum, Mr. Marrero's prior simple assault conviction, and his prior third degree murder conviction, are not crimes of violence. The district court's determination to the contrary, and consequent sentencing of him as a career offender, constituted error. Mr. Marrero's sentence should be vacated, and his case remanded for resentencing.

**CONCLUSION**

For all of the foregoing reasons, the appellant, Ricardo Marrero, respectfully requests that his sentence be vacated, and his case remanded for resentencing.

                                Respectfully submitted,

                                ***/s/ Karen Sirianni Gerlach***
                                Karen Sirianni Gerlach
                                Assistant Federal Public Defender
                                Attorney for Appellant,
                                Ricardo Marrero

**CERTIFICATE OF IDENTICAL TEXT**

    I, Karen Sirianni Gerlach, hereby certify that the text of the E-Brief and Hard Copies of the Reply Brief for Appellant filed on behalf of Ricardo Marrero at No. 11-2351 are identical.

                        */s/ Karen Sirianni Gerlach*
                        Karen Sirianni Gerlach
                        Assistant Federal Public Defender


**CERTIFICATE OF VIRUS CHECK**

    I, Karen Sirianni Gerlach, hereby certify that a virus check was performed on the Reply Brief for Appellant filed on behalf of Ricardo Marrero at No. 11-2351 using Symantec AntiVirus Corporate Edition v12.1.671.4971 software.

                        */s/ Karen Sirianni Gerlach*
                        Karen Sirianni Gerlach
                        Assistant Federal Public Defender

**CERTIFICATE OF SERVICE**

    I hereby certify that true and correct copies of the foregoing Reply Brief for Appellant were mailed this 4th day of November, 2011, via first class United States Mail, to the following:

        Michael L. Ivory
        Assistant United States Attorney
        4000 United States Courthouse
        Pittsburgh, Pennsylvania 15219


        ***/s/ Karen Sirianni Gerlach***
        Karen Sirianni Gerlach
        Assistant Federal Public Defender